# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

BOB JAROSCH, JOHN VANYO,
TOM DONNELLY, and DONNELLY INSURANCE
AGENCY, INC., and GARY SWANIGAN,

        Plaintiffs,

        v.                                     Case No. 07-C-0212

AMERICAN FAMILY MUTUAL INSURANCE
COMPANY, AMERICAN FAMILY LIFE INSURANCE
COMPANY, and AMERICAN STANDARD INSURANCE
COMPANY OF WISCONSIN,

        Defendant-Third Party Plaintiffs,

        v.

JAROSCH INSURANCE AGENCY, INC., VANYO
INSURANCE GROUP, INC., DONNELLY INSURANCE
GROUP, INC., GARY SWANIGAN INSURANCE
AGENCY, INC., COURI INSURANCE ASSOCIATES, LLC,
and COURI INSURANCE ASSOCIATES WEST, LLC,

        Third Party Defendants.

## ORDER ON MOTION FOR SANCTIONS FOR DISCOVERY VIOLATIONS

The motion of the plaintiffs and third-party defendants for entry of an order imposing

sanctions for Rule 26(e) and Rule 37 discovery violations was heard by this court on Tuesday, January

4, 2011. Attorneys James W. Hammes and Carina Garcia appeared on behalf of the plaintiffs and

third-party defendants, and Attorneys Earl Munson and Sarah Zylstra appeared on behalf of the

defendants and third-party plaintiffs as to all plaintiffs except Bob Jarosch.

The court, having reviewed the submittals and heard arguments of counsel, and for the reasons

stated on the record, finds and orders as follows:

1.  During the course of discovery proceedings, the plaintiffs requested through discovery, that American Family produce any reports, records, statistical data or other statistical compilation which evidences, or is intended to evidence, the retention rate of American Family policyholders credited to an agent's account during the one year period of time following termination of an agent contract. American Family had, in its possession, the information requested, but the information was not provided in American Family's discovery responses.

2.  American Family's failure to comply with the discovery requests was not willful. Accordingly, the motion to strike the testimony of the defendants' expert and to dismiss the counterclaim and third-party claims of American Family seeking damages is **DENIED**. To grant such extraordinary relief, would, in the opinion of the court, constitute an abuse of discretion.

3.  The failure of American Family to comply with the plaintiffs' discovery requests, however, requires remedial relief. Accordingly, it is ordered:

    (a) Not later than January 19, 2011, the defendants shall provide any and all discovery materials responsive to the plaintiffs' Interrogatory 3 and Request for Production No. 5 both dated May 30, 2009, to the extent those materials have not already been provided in supplemental responses.

    (b) The plaintiffs' expert witness, Gaylene Stingl, shall prepare, and submit to counsel, a supplemental report. The report shall be provided not later than the close of business on February 18, 2011.

    (c) The court will receive supplemental testimony from the plaintiff's expert witness, Gaylene Stingl, beginning at 1:30 p.m. on March 7, 2011.

4.  The defendants shall reimburse the plaintiffs for the reasonable attorney's fees incurred in filing and arguing this motion. Counsel for the plaintiffs shall submit those fees to counsel for the defendants, and if there is a dispute as to those fees, the court will resolve any such dispute.

**SO ORDERED** this <u>20th</u> day of January 2011 at Milwaukee, Wisconsin.

**BY THE COURT:**

<u>s/ William E. Callahan, Jr.</u>
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge